885 F.2d 872
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles William WALKER, Petitioner-Appellant,
v.
Al C. PARKE, Kentucky State Reformatory, Respondent-Appellee.
 No. 89-5124.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Charles William Walker moves for counsel and appeals from the district court's order partially granting and partially denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 Walker was admitted to prison in 1963 to serve a term of life imprisonment imposed by the Fayette Circuit Court for armed robbery. He was released on parole from this sentence on June 18, 1970. On April 17, 1972, Walker was returned to prison with a new, concurrent eight-year sentence imposed by the Jessamine Circuit Court following his conviction for escaping from jail while confined for a felony and breaking into a house. He was released on parole on June 24, 1974, from his Jessamine Circuit Court sentence. He was issued a final discharge from parole on August 24, 1979.
 
 
 4
 On June 16, 1980, Walker returned to prison for service of a new life sentence upon his conviction for murder and a new twenty-year sentence upon his conviction for first-degree assault. These sentences were to be served concurrently with each other and consecutive with any sentence Walker was then serving.
 
 
 5
 In his petition, Walker claimed that he was improperly returned to prison as a parole violator based on his allegedly expired eight-year sentence imposed by the Jessamine Circuit Court for escaping from jail while confined for a felony, and breaking into a house. He also claimed that he was improperly denied a parole revocation hearing.
 
 
 6
 After reviewing the respondent's motion for summary judgment, the magistrate's report and recommendation, Walker's and the respondent's objections, the district court granted the petition insofar as Walker sought a parole revocation hearing, but denied the remainder of the petition, deciding that Walker's argument that he was returned to prison as a parole violator on an expired sentence was meritless.
 
 
 7
 On appeal, Walker argues that the district court incorrectly dismissed part of his petition as he was not a parole violator. The respondent has not filed an appeal from the partial grant of the petition.
 
 
 8
 Upon consideration, we affirm the portion of the district court's order dismissing the petition as meritless. The district court correctly dismissed Walker's claim that he was incorrectly returned to prison as a parole violator based on his allegedly expired eight-year term imposed by the Jessamine Circuit Court. The record shows that Walker was paroled on June 20, 1974, from the eight-year concurrent sentence imposed by the Jessamine Circuit court. Walker was later released from active parole supervision on January 6, 1976. Walker was finally discharged from parole on these sentences on August 24, 1979. However, when Walker was released from parole on the Jessamine Circuit Court sentences, he was reinstated to parole on the 1963 life sentence imposed by the Fayette Circuit Court. An affidavit from the Administrator of Offender Records, Kentucky Corrections Cabinet, reveals that Walker was never issued a final discharge from parole on this life sentence. Walker presented no evidence that he has ever been finally discharged from parole on this sentence. Thus, Walker's argument that he was returned to prison as a parole violator on an expired sentence has no merit.
 
 
 9
 For these reasons, the motion for counsel is denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.